# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TERRY K. ROBINSON,**<br><br>　　　　　*Plaintiff,*<br><br>v.<br><br>**THE AMERICAN NATIONAL RED CROSS,**<br><br>　　　　　*Defendant.* | No. 24-cv-2531-MAU |

## MEMORANDUM OPINION

Plaintiff Terry K. Robinson brings this suit against Defendant the American National Red Cross ("ANRC") for damages arising out of personal injuries she allegedly suffered after falling at 2025 E Street NW, Washington, D.C. ("the Property"). ECF No. 6.[1] Before the Court are ANRC's Motion for Summary Judgment ("Motion") and Plaintiff's Motion for Leave to File a Surreply in Opposition to Defendant's Motion for Summary Judgment ("Motion for Leave"). ECF Nos. 36, 40. For the following reasons, the Court **GRANTS** ANRC's Motion and **DENIES** Plaintiff's Motion for Leave.

## FACTUAL SUMMARY

### Plaintiff's Fall

The facts relevant to the disposition of this Motion are not disputed. Plaintiff was working at the Property the week of July 22, 2021. ECF Nos. 6 at ¶ 11, 36-1 at 98:2-12. Plaintiff alleges that, on that day, she crossed the plaza outside the Property and tripped on "a failed paver." ECF No. 6 at ¶ 12. She did not notice the sunken paver prior to tripping. ECF No. 36-1 at 101:10-17.

---

[1]　　　Citations are to the page numbers in the ECF headers.

According to Plaintiff, ANRC was responsible for and negligent in maintaining, inspecting, and repairing the Property (Count I) and failing to warn her, an invitee on the Property, of the alleged hazardous paver (Count II).  ECF No. 6 at ¶¶ 18-30.  As a result of the fall, Plaintiff allegedly suffered from Complex Regional Pain Syndrome, mental anguish, and physical pain and incurred substantial medical expenses.  *Id.* at ¶¶ 16, 32-33.

### ANRC's Relationship to the Property

ANRC previously owned "building improvements on the Property" pursuant to a 1999 ground lease between ANRC and the General Services Administration ("GSA"), the owner of the underlying land.  ECF No. 36 at 23-24 ¶¶ 1-2 ("Statement of Undisputed Material Facts").  In December 2016, ANRC submitted a plan to create condominiums and the 2025 E Street Office Leasehold Condominium Unit Owners Association, Inc. ("the Association").  *Id.* at 23-24 ¶ 2.  At the time of Plaintiff's fall, the Association owned the Property, which included the building and common elements, such as the plaza.  *Id.* at 23-24 ¶¶ 2-3.  ANRC and GSA owned the condominiums on the Property.  *Id.*

In January 2017, the Association and ANRC entered into a Property Management Agreement ("PMA"), naming ANRC as the Association's Managing Agent.  *Id.* at 24 ¶ 4.  The PMA provided that the Managing Agent "shall contract for all labor, materials and services required for the management, operation, maintenance, repair and upkeep of the Condominium . . . ."  *Id.* at 24 ¶ 4(a).  The PMA allowed ANRC to "engage third party contractors, property managers or other service providers for the performance of any and all services . . . ."  *Id.* at 24 ¶ 4(b).  In accordance with the PMA, ANRC engaged CBRE Managed Services Inc. ("CBRE") to provide daily inspections and maintenance of the Property.  *Id.* at 24-25 ¶ 5.  The

agreement between ANRC and CBRE also provided that CBRE was responsible for assuring that the relevant areas of the Property were "clean, functioning properly, and in good repair . . . ." *Id.*

## STANDARD OF REVIEW

The court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one capable of affecting the substantive outcome of the litigation. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is enough evidence for a reasonable jury to return a verdict for the non-movant. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). The mere existence of some factual dispute, however, is insufficient on its own to bar summary judgment. *Anderson*, 477 U.S. at 247-48. The dispute must pertain to a "material" fact. *Id.* Accordingly, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

On summary judgment, a reviewing court must take the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *See, e.g.*, *Stoe v. Barr*, 960 F.3d 627, 629 (D.C. Cir. 2020). Even so, the Court must grant summary judgment if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to" its case and on which it "will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In that case, summary judgment is warranted because "a complete failure of proof concerning an essential element of the [non-movant]'s case necessarily renders all other facts immaterial." *Id.* The non-movant "need not present evidence in a form that is currently admissible," but "must produce evidence capable of being converted into admissible evidence." *Klayman v. Judicial Watch, Inc.*, 6 F.4th 1301, 1315 (D.C. Cir. 2021). Conclusory

assertions offered without any evidentiary support do not establish a genuine issue for trial.  *See Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).

**DISCUSSION**

### I.    Plaintiff Has Conceded Defendant's Statement of Undisputed Material Facts.

Rule 56(c) requires the non-moving party to cite "particular parts of materials in the record" to support the contention that material facts are in genuine dispute.  Local Civil Rule 7(h) requires that an opposition to a motion for summary judgment "be accompanied by a separate concise statement of genuine issues."  The Court warned the Parties that it "strictly enforces Local Civil Rule 7(h)."  ECF No. 37 ("Standing Order").  Despite this, Plaintiff failed to file her own statement of material facts in dispute.  *See* ECF No. 38.  She also failed to provide any citations to record evidence in her Opposition to Defendant's Motion ("Opposition").

ANRC pointed out Plaintiff's failures in its reply brief ("Reply") and asked the Court to deem its Statement of Undisputed Material Facts as conceded, which prompted the Plaintiff to file her Motion for Leave.  ECF No. 39.  In her Motion for Leave, Plaintiff asserts that the Court should allow her to respond to two allegedly new arguments ANRC improperly raised in its Reply: (1) that the Court should deem its Statement of Undisputed Material Facts as conceded; and (2) that Plaintiff "failed or chose not to bring" claims against the Association or CBRE.  ECF No. 40 at 1-2.  ANRC opposed, asserting that the only arguments ANRC made on reply were in direct response to Plaintiff's Opposition.  *See* ECF No. 41.

With respect to Plaintiff's Motion for Leave, ANRC did not raise any new arguments in its Reply.  *See Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) ("The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply.").  First, ANRC simply

4

pointed out the Plaintiff's procedural failures in her Opposition, which could not have been raised prior to Plaintiff's Opposition. Second, ANRC's statement in passing that Plaintiff "may have had claims" against the Association or CBRE was not a fulsome argument that is relevant to the Court's consideration or any point ANRC made in its Motion. Plaintiff suffers no prejudice from an inability to respond to that statement. As such, the Motion for Leave is denied.

With respect to ANRC's request that its Statement of Facts be deemed admitted, Plaintiff offers no excuse for her failure to comply with the rules. Neither the Plaintiff's Motion for Leave nor the proposed surreply contains a statement of disputed material facts. ECF No. 40 at 1-2, Ex. A. Instead of attaching that statement, which the Court might have considered despite its tardiness, Plaintiff makes a full-throated argument that her Opposition—devoid of any record citations—was nonetheless sufficient to comply with the applicable rules. *Id.* at 4-6. Specifically, Plaintiff argues in conclusory fashion that she identified "specific factual disputes" that were "supported by evidence in the record . . . ." *Id.* at 5.

Plaintiff's argument is essentially that it is up to the Court to sift through the record to identify the purported facts upon which Plaintiff relies. The Court declines to chase down which facts are in dispute, particularly where Plaintiff could have, but chose not to, correct her errors. *See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 154 (D.C. Cir. 1996) ("Where a party fails . . . to file a proper statement of material facts in dispute pursuant to a local rule, the circuits are in agreement that the district court is under no obligation to sift through the record, which often contains voluminous deposition transcripts, interrogatory responses, and document productions, in order to evaluate the merits of that party's case.").

Without any excuse, let alone good cause, for Plaintiff's repeated failures, the Court will deem Defendant's Statement of Undisputed Material Facts conceded. *See* Fed. R. Civ. P. 56(c);

LCvR 7(h) ("If the non-moving party fails to file a separate statement of material facts in dispute, the Court may assume that facts identified by the moving party in its statement of material facts are admitted . . . ."). The Court also denies Plaintiff's alternative request for leave to file a proper statement of facts in dispute.

## II.    Plaintiff Has Failed to Point to Any Evidence that Would Raise a Genuine Issue of Material Fact as to Whether the Defendant had Notice of the Allegedly Hazardous Condition.

ANRC sets forth two principal arguments in support of its Motion: (1) that ANRC owed no tort duty to the Plaintiff; and (2) even if it did, Plaintiff has failed to develop any evidence that ANRC breached that duty. ECF No. 36 at 8-20. Specifically, ANRC contends that Plaintiff offers no evidence or expert testimony establishing the required standard of care or that ANRC had actual or constructive notice of the sunken paver. *Id.* at 12-20.

Plaintiff counters with three arguments: (1) that ANRC owed Plaintiff two independent duties of reasonable care[2] outside of the PMA; (2) expert testimony was not required to establish the relevant standard of care because a sunken paver is an obvious tripping hazard; and (3) a factual dispute exists as to whether ANRC had constructive notice of the paver because the PMA required ANRC and CBRE to perform daily inspections and maintenance of the Property. ECF No. 38 at 4-12. The Court need not resolve all of the Parties' arguments. Because Plaintiff has failed to introduce evidence to raise a genuine dispute as to whether ANRC had constructive notice of the sunken paver, ANRC is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322.

---

[2]    The Plaintiff argues: (1) that ANRC owed her a duty of care as an invitee because Plaintiff worked in the building; and (2) that ANRC owed her a duty of care under Restatement (Second) of Torts Section 324A because ANRC undertook responsibilities for inspecting and maintaining the Property under the PMA. ECF No. 38 at 4-7.

### A. The Essential Elements of Plaintiff's Negligence Claims

A plaintiff alleging negligence must prove that "(1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the breach of duty proximately caused damage to the plaintiff." *Tolu v. Ayodeji*, 945 A.2d 596, 601 (D.C. 2008). In negligence cases based on premises liability or the existence of a dangerous condition, the plaintiff must prove that the defendant had actual or constructive notice of a hazardous condition. *Jones v. NYLife Real Est. Holdings, LLC*, 252 A.3d 490, 495 (D.C. 2021). To show that the defendant was on constructive notice, the plaintiff must present evidence: (1) that a dangerous condition existed; and (2) that the dangerous condition existed for enough time that the defendant should have been aware of the condition had the defendant exercised reasonable care. *Id.* In other words, "the cause of the injury must be foreseeable . . . and the cause must have been present in the area where the injury occurred for a sufficient length of time that the property owner should have known about it." *Marinopoliski v. Irish*, 445 A.2d 339, 341 (D.C. 1982).

### B. There is No Genuine Dispute of Material Fact as to Whether ANRC Had Constructive Notice of the Paver that Caused Plaintiff's Injury.

Plaintiff does not make any meaningful argument that ANRC had actual notice of the sunken paver. As such, the only way Plaintiff could meet her burden would be to show that ANRC was on constructive notice. ANRC argues that Plaintiff has failed to develop any evidence to raise a triable issue on constructive notice. ECF No. 36 at 12-13. As ANRC argues, there is no evidence as to *how* the paver sank or, importantly, *when* the paver sank. *Id.* ANRC claims that, because there is no evidence as to when the paver became apparent or dangerous, the jury would have to engage in speculation to conclude that there was a hazard that ANRC could have discovered. *Id.* at 13. Plaintiff does not dispute that the law requires her to show that the dangerous condition "existed for a sufficient length of time to permit the premises owner to discover and remedy it

through reasonable inspection." ECF No. 38 at 9-10. Nor does she dispute that there is no "direct evidence" of when the paver became hazardous. *Id.* at 10. Plaintiff's only specific argument is that the existence of the PMA, which required ANRC to perform daily inspections and maintenance of the Property, is enough to raise a factual dispute on constructive notice. *Id.* at 10-11.

Plaintiff has failed to offer any evidence to raise a triable issue on the essential element of constructive notice. As to the first prong that a dangerous condition existed, Plaintiff's argument is conclusory at best. She argues that, even though she never saw the sunken paver before her fall, it was a "visible and apparent defect that should have been discovered during routine inspections." *Id*. at 10. The law is clear, however, that the existence of a hazard "is not sufficient in and of itself to provide constructive notice of that defect to the entity that maintains the property." *Jones*, 252 A.3d at 496. Indeed, the D.C. Court of Appeals recently rejected Plaintiff's very argument in *Leach v. One Parking 555, LLC*. 319 A.3d 415, 421-22 (D.C. 2024). In *Leach*, the D.C. Court of Appeals held that there was insufficient evidence to establish constructive notice where the plaintiff tripped and fell on a step in a parking garage. *Id.* The court held that the evidence only reflected that the plaintiff did not see the step, and that fact alone could not "prove that the step was hazardous, nor [ ] that [the defendant] knew or should have reasonably known about the hazard." *Id.* at 422. Similarly, the evidence in this case establishes at most that the Plaintiff did not see the paver before her fall. Without more, the Plaintiff fails to raise a dispute that the paver was hazardous, let alone that ANRC had constructive notice of it.

Second, even assuming there was evidence that the paver was hazardous, there is no evidence that the hazard "existed for such a length of time that, in the exercise of reasonable care, its existence should have become known and corrected" by ANRC. *Sullivan v. AboveNet*

*Commc'ns, Inc.*, 112 A.3d 347, 356 (D.C. 2015); *see also Wilson v. WMATA*, 912 A.2d 1186, 1190

(a hazard existing for an undetermined period does not prove constructive notice).  Plaintiff has

failed to offer any evidence as to how long the hazard existed, let alone that it existed for such a

length of time that ANRC should have discovered it through the exercise of reasonable care.  As

ANRC points out, based on this record, the hazard could have arisen just minutes before Plaintiff

fell.  Because there is no evidence as to the length of time the hazard existed, a jury would most

certainly be left to speculate on this point.  *Sullivan*, 112 A.3d at 356 (constructive notice is within

the province of the jury as long as jury does not engage in idle speculation).

Plaintiff's argument that a factual dispute as to constructive notice exists merely because

ANRC had a duty to maintain the premises under the PMA also fails.  The contractual duty to

perform inspections is, without more, insufficient to raise a triable issue on constructive notice.

As the court held in *Leach*, "even if the [defendant] breached an alleged duty to inspect, the

plaintiff [cannot] prove that the [defendant] had constructive notice without proof that a dangerous

condition existed."  *Leach*, 319 A.3d at 421-22 (summarizing the holding of *Wise v. United States*,

145 F. Supp. 3d 53, 67 (D.D.C. 2015)).  In *Wise* and *Leach*, this Court and the D.C. Court of

Appeals respectively dismissed the plaintiffs' arguments that the defendants had constructive

notice because they would have discovered the alleged hazards if they had fulfilled their duty to

inspect the properties.  *Id.* at 422; *Wise*, 145 F. Supp. 3d at 67.  Both courts found that allowing

such proof would invite the jury to impermissibly speculate about whether the condition was

hazardous and how long that hazard existed.  *Leach*, 319 A.3d at 421-22 ("[E]ven assuming that

[the defendant] breached an alleged duty to inspect, we hold that the evidence is insufficient to

establish constructive notice because the evidence does not establish the existence of a dangerous

condition."); *Wise*, 145 F. Supp. 3d at 67 ("Without proof of a dangerous condition, the [defendant] cannot be charged with constructive notice, even if it breached an alleged duty to inspect.").

The same goes for this case.  Without evidence that a hazard existed *and* that it existed for such a length of time that ANRC should have discovered it through its duty to inspect under the PMA or otherwise, there is no triable issue on constructive notice.  If Plaintiff had offered, for example, eyewitness testimony, surveillance footage, or expert testimony that provides *some* factual basis on these two prongs, there might have been enough evidence to go to the jury.  Based on this record, however, it is equally likely that the paver sunk over years of disrepair or that someone dislodged the paver just moments before Plaintiff fell.  Because the Plaintiff has no proof concerning the essential element of constructive notice on which she bears the burden of proof at trial, ANRC is entitled to summary judgment on both counts.  *Celotex Corp.*, 477 U.S. at 322.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendant's Motion for Summary Judgment (ECF No. 36) and **DENIES** the Plaintiff's Motion for Leave (ECF No. 40).  The Court will issue a separate Order.

Date: January 23, 2026

_____
MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE

10